Filed 1/4/16  P. v. Gowey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW ELLIS GOWEY,<br><br>Defendant and Appellant. | C079949<br><br>(Super. Ct. No. CRF15-253) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436. A complaint filed in May 2015 charged defendant Matthew Ellis Gowey with failing to register as a sex offender within five days of his birthday (count 1; Pen. Code, §§ 290.012, subd. (a)/290.018, subd. (b)),[1] failing to register change of address (count 2; § 290.013), and failing to register annually (count 3; § 290, subd. (b)).

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant entered into an open plea of guilty to count 1, with counts 2 and 3 to be dismissed, and with the right to argue for a grant of probation.**2** The prosecutor stated the factual basis for the plea as follows: "The Defendant is required to register pursuant to 290 because of -- multiple prior convictions for sex offenses, including a first degree sexual abuse conviction out of Oregon in 2005. He also is required to register pursuant to a 290.018 violation in Sutter County in 2011, case F-11-674. [¶] In this case, the Court would learn, if witnesses were called, that in the county of Yuba, the Defendant was residing from approximately March of 2014 through May of 2015, and he, after moving to Yuba County from Yuba City, failed to register in Yuba County, despite residing at -- I believe it was the Rio Inn in Marysville. He was not registered there. He was not registered as a transient. And, particularly, for Count I, he turned -- he had a birthday on May 11th, 2014, and he did not register or reregister within five working days of that birthday, knowing that he had a duty to do so."

The trial court thereafter sentenced defendant to the midterm of two years in state prison on count 1. The court awarded no presentence custody credits because defendant had not been incarcerated for the present offense. The court imposed a $900 restitution fine (§ 1202.4, subd. (b)), a $900 suspended parole revocation restitution fine (§ 1202.45), a $40 court security assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed,

---

**2** Defendant's written plea agreement states that the plea is "no contest," but in open court defendant pleaded guilty.

2

and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


       NICHOLSON      , Acting P. J.


We concur:


     MAURO      , J.


     MURRAY     , J.